UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MARGEE FAULKNER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 12-02-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOE BLUE, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Margee Faulkner, an individual presently confined in the Franklin County Regional Jail, has filed a *pro se* complaint alleging violations of her civil rights. [Record No. 1] According to the Complaint, Faulkner was denied proper medical care at her previous place of incarceration, the Hopkins County Jail. [*Id.*, pp. 2-9] She names several Hopkins County Jail officials as defendants. [*Id.*, pp. 1-2]

Venue for civil rights actions is governed by 28 U.S.C. § 1391(b). That statute provides:

> A civil action may be brought in-- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, the acts giving rise to Faulkner's claims are alleged to have occurred in Hopkins County, which is located in the Western District of Kentucky. *See* 28 U.S.C. § 97(b). Furthermore, the defendants are Hopkins County Jail officials who presumably reside within the Western District of Kentucky. Therefore, the proper venue for this action is the Western District. *See* 28 U.S.C. § 1391(b).

When a case is filed in the wrong district, the Court must either dismiss the action or, "if it be in the interest of justice," transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court finds that transfer of Faulkner's case would be in the interest of justice. Accordingly, it is hereby

**ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Western District of Kentucky, Owensboro Division, for all further proceedings. *See* LR 3.1(b)(3). All future filings shall be made with that court.

This 19th day of January, 2012.

Signed By:
*Danny C. Reeves* DCR
United States District Judge